Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Avenue
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and those similarly situated

## IN THE UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEN FABRIKANT, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>Q LINK WIRELESS, LLC., a Florida limited liability company, and JOHN DOE 1,<br><br>        Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

1.      Plaintiff BEN FABRIKANT ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Q LINK WIRELESS, LLC, ("Q Link") and Defendant JOHN DOE ("John Doe" or together, "Defendants") to stop their illegal practice of sending unsolicited automated text messages to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2.     Q Link markets and sells consumer wireless phone service. As a part of their marketing, Q Link and John Doe sent thousands of unsolicited texts promoting their services.

3.     Defendants did not obtain express written consent prior to sending these artificial or prerecorded voice messages and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.     Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls (and texts) were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5.     The TCPA targets unauthorized texts exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6.     By sending the texts at issue, Defendants violated the privacy and statutory rights of Plaintiff and the Class.

7.     Plaintiff therefore seeks an injunction requiring Defendants to stop its unconsented texting, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8.     Plaintiff BEN FABRIKANT is a natural person and is a citizen of Lincoln, Nebraska.

9.      Defendant Q LINK WIRELESS, LLC is a limited liability company registered and existing under the laws of the state of Delaware with its principal place of business at 499 East Sheridan Street, Ste 400, Dania FL 33004.

10.     Defendant John Doe is an unknown business entity.

## JURISDICTION AND VENUE

11.     This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12.     This Court has specific personal jurisdiction over Defendants because Defendants caused the violating texts to be sent to Plaintiff in this District.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14.     Q Link markets and sells consumer wireless phone services.

15.     Q Link hired John Doe to generate potential customer leads for its services.

16.     Defendants caused unsolicited text messages to be automatically sent to thousands of cellular phones numbers.

17.     Unfortunately, Defendants failed to obtain consent from Plaintiff and the Class before bombarding them with these illegal voice recordings.

## FACTS SPECIFIC TO PLAINTIFF

18.     On March 27, 2021, Plaintiff received two of the same unsolicited text messages from Q Link Wireless to his phone number ending in 8378. Plaintiff received a third message on March 29, 2021.

19.    The first two text messages said "Action Needed: Confirm your shipping address to receive your smart phone and upgraded sim card. Confirm now. [link URL]. Text STOP to unsubscribe."

20.    The third message said "Reminder from Q Link Wireless: Confirm your shipping address to get your FREE smartphone and tablet! Click Here [URL]. Text STOP to unsubscribe."

21.    Upon information and belief, Defendant stored Plaintiff's phone number in its database using a random or sequentially generated number. The three messages were nearly identical and included the ability to manage STOP responses.

22.    Therefore, it appears that Defendants initially stored Plaintiff's in a database with an identification number, and then programmatically recalled his phone number using the stored identification number in order to send the three text messages. Therefore, Defendants used a system that is automatic telephone dialing system ("ATDS").

23.    Plaintiff clicked on the link and was taken to a web page to download the Q Link Wireless App.

24.    In total, between March 24-29, 2021, Plaintiff received approximately five unsolicited text messages from Defendants.

25.    On March 29, 2021, Plaintiff texted STOP.

26.    Plaintiff received a text that said: "You have successfully been opted out from receiving text messages from Q Link Wireless."

27.    Plaintiff never consented to receive texts from Defendants. Plaintiff had never heard of Defendant and had no relationship whatsoever with Defendant prior to this interaction.

28.     Defendants' texts violated Plaintiff's statutory rights and caused actual and statutory damages.

29.     In addition to causing statutory damages, these illegal texts caused annoyance, intrusion on privacy and seclusion, and wasted time and cellular battery life to Plaintiff.

## CLASS ALLEGATIONS

30.     **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**.  All persons in the United States who: (1) from the last 4 years to present (2) whose cellular telephone were texted (3) using an automatic telephone dialing system (3) to promote Defendant's products and services;

31.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

32.     **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent texts to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

33.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited texts.

34.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

35.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

36.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

6

    a.   Whether Defendants violated the TCPA;

    b.   Whether the texts were sent to cellular phones;

    c.   Whether Defendants used an automatic telephone dialing system

    d.   Whether the texts were caused by Defendants;

    e.   Whether the texts promoted Defendants' products and services;

    f.   Whether Defendants obtained prior express written consent prior to sending the texts;

    g.   Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

37.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**
**(On behalf of Plaintiff and the TCPA Class)**

38.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.    Plaintiff and the Class members received texts to their cellular telephones.

40.    The texts were not made for an emergency purpose.

41.    The text messages were sent using a software program that constitutes an ATDS.

42.    As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop its illegal campaign.

43.    Defendants sent the violating texts "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

44.    If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff BEN FABRIKANT, individually and on behalf of the Class, prays for the following relief:

A.    An order certifying the Class as defined above, appointing Plaintiff BEN FABRIKANT as the Class representative and appointing his counsel as Class Counsel;

B.    An order declaring that Defendants' actions, as set out above, violates the TCPA;

C.      An order declaring that Defendants' actions, as set out above, violates the TCPA willfully and knowingly;

D.      An injunction requiring Defendants to cease all unlawful texts without first obtaining the recipients' prior express written consent to receive such texts, and otherwise protecting interests of the Class;

E.      An award of actual damages and/or statutory fines and penalties;

F.      An award of reasonable attorneys' fees and costs; and

G.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: September 23, 2021                    Respectfully submitted,


By: /s/ Mark L. Javitch

Mark L. Javitch (CA 323729)
Javitch Law Office
480 S. Ellsworth Avenue
San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and
those similarly situated*